er or not the acts of the chauffeur, Beebe, were actually within the scope of his authority, the evidence fairly establishes plaintiff's claim that from the course of the recognized dealings between the parties the authority of Beebe could reasonably be inferred and implied by plaintiff and its assignor, who appear to have been bona fide dealers, and that the acts of Beebe were acquiesced in and ratified by defendant, who accepted the benefits of the contract or contracts made by Beebe. There is quite sufficient evidence to show that the materials furnished and work done were of the value claimed by the plaintiff, and it seems to us that the ends of justice require a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. (dissenting). Whatever the value of the work or materials put upon his newly bought vehicle, or the amount of purchases by his chauffeur, to bind the defendant therefor it was necessary to prove his orders or his ratification. Passing that, it was, on the one hand, so natural to discredit the statements of the plaintiff's witnesses, the pert and ready chauffeur, for whom the plaintiff had gotten this place and all his places, and who left the defendant the night he objected to the bill, and the generalizations of the secretary, treasurer, and salesman, whom the defendant says he never saw, and, on the other hand, so sound to credit the testimony of the defendant that the only representative of the plaintiff with whom he dealt, and of whom he bought two automobiles within a brief time, having given a guaranty, in effect withdrew the bill presented and bade him not to bother about it, assuring him that the company would take care of it, that the credence of the learned trial justice may be accepted here, and his judgment affirmed.

---

CITY OF NEW ROCHELLE v. ÆTNA INDEMNITY CO.

(Supreme Court, Appellate Division, Second Department.    March 5, 1909.)

MUNICIPAL CORPORATIONS (§ 347*) — IMPROVEMENTS — CONTRACTORS' BONDS — DISCHARGE OF SURETY—ALTERATION OF CONSTRUCTION CONTRACT—ASSIGNMENT OF COMPENSATION.

Where a drain contract forbids the assignment by the contractor of any money due him thereunder, except with the city's consent, the subsequent assignment of the money due the contractor with the consent of the city council was not an alteration of the contract, so as to release the contractor's surety for the performance of the work from its obligation to complete the work after the contractor had abandoned it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 876; Dec. Dig. § 347.*]

Appeal from Trial Term, Westchester County.

Action by the City of New Rochelle against the Ætna Indemnity Company. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action was on a surety bond given by the defendant for the performance of a contract by one Cortright with the plaintiff to build water drains. The contract contained a clause that the contractor should not assign "any of the moneys payable under this agreement" unless with the consent of the city. By written instrument the contractor assigned to another "all moneys due, owing, or to become due to the. said party of the first part," i. e., the contractor, and the city by resolution of its common council consented thereto. The contractor abandoned the work and the plaintiff completed, the defendant failing to do so on notice. A defense was pleaded that such an. assignment was made with the plaintiff's consent and that it was a substantial change of the contract, and therefore released the surety.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Carlisle Norwood, for appellant.
Michael J. Tierney, for respondent.

GAYNOR, J. The assignment of the moneys due and to grow due to the contractor on the contract, to which the plaintiff consented, was not an alteration of the contract by the parties. On the contrary, the contract provided that that might be done. Even if there had been no such provision in the contract, it is not intimated here that such assignment could in any way interfere with or impair the surety's right of subrogation to complete the contract and be paid according to its terms on the contractor's default. It would have to be considered whether an assent of the city to pay the money as it came due to the contractor's nominee or assignee would be any change of the contract at all.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.